**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| WARREN THOMPSON, SR., | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-16-1096 |
| ROBERT ALSTON, *et al.*, | * |
| Defendants. | * |

# MEMORANDUM OPINION AND ORDER

Plaintiff Warren Thompson is a referee with the International Association of Approved Basketball Officials, Inc.'s Southern Maryland District Board No. 134 ("the Board"). Compl. 2, ECF No. 1. Acting without counsel, he alleges that the Defendants, officers of the Board and its parent organization, discriminated against him on the basis of his age and race by assigning him to referee recreational basketball games, which he deems to be "an inferior brand of basketball," instead of high school games. Compl. 2. Thompson claims that the assignment violated his rights under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a)(1); Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1); and the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't. § 20-606(a)(1)(i).[1] *Id.* at 2. Defendant Robert Alston has filed a Motion to Dismiss on behalf of himself and Defendants Robert Roman and Joseph Mitchell in which they argue, without the

---

[1] Thompson also alleges his assignment to recreational games violated Board polices. *Id.* It is unclear by what authority he believes the Court may enforce the Board's internal policies, but his claim sounds in theories of employment discrimination, not contract law. Accordingly, Thompson has not suggested any mechanism by which the Court may vindicate his rights under Board policies.

benefit of counsel, that the laws under which Thompson claims relief only protect employees and note that Thompson admits in his Complaint that he is an independent contractor. Defs.' Mot. 2, ECF No. 23. Thompson filed an Opposition, Pl.'s Opp'n, ECF No. 26, and Defendants declined to file a Reply. No hearing is necessary, Loc. R. 105.6 (D. Md.). Because Thompson admits that he is an independent contractor and cannot amend his Complaint through an opposition, and because the allegations do not state any actionable change to the terms, conditions, or privileges of his employment, I will dismiss the Complaint with prejudice, as amendment would be futile.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Discussion**

All of the parties to this case are Maryland residents, meaning that the case is in federal court on the basis of Thompson's Title VII and ADEA claims. Accordingly, I will address the viability of those claims first. Both federal employment statutes apply only to employees, not independent contractors. *See Cilecek v. Inova Health Sys. Servs.*, 115 F.3d 256, 259 (4th Cir. 1997) (Title VII); *Mangram v. Gen. Motors Corp.*, 108 F.3d 61, 62–63 (4th Cir. 1997) (ADEA). In his Complaint, Thomas states that he "has been an independent contractor with Southern Maryland District Board 134 for 20+ years." Compl. 4, ¶ 9. Based on this admission, Defendants argue that the Complaint should be dismissed and also note that Thompson signed a Membership Agreement with the Board that identified him as an independent contractor. Defs.' Mot. 2–3. In his Opposition, Thompson argues that he should not be deemed an independent contractor, Pl.'s Opp'n 5–6, correctly noting that a worker's status must be determined based upon the "economic realities" of the employment relationship rather than the label that that the employer affixes to that relationship, *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 189–90 (4th Cir. 1998). But Thompson never explains why he described himself as an independent contractor in his Complaint if he disputes that classification, and "[i]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Nicholson v. Fitzgerald Auto Mall*, No. RBD-13-3711, 2014 WL 2124654, at *4 (D. Md. May 20, 2014). Accordingly, I will dismiss Thompson's Title VII and ADEA claims.

Since Thompson now disputes his status as an independent contractor, it is possible that an amended complaint could rectify that pleading deficiency; however, I find that further amendment would be futile because the wrong that Thompson complains of does not involve any adverse employment action. Both Title VII and the ADEA prohibit discrimination on prohibited

grounds in the "terms, conditions, or privileges of employment." 29 U.S.C. § 623(a)(1); 42 U.S.C. § 2000e-2(a)(1). Thus, only "tangible employment action [that] constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits" are actionable under those statutes. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761 (1998); *see also Royster v. Gahler*, 154 F. Supp. 3d 206, 232 (D. Md. 2015). Notably, "[t]he mere fact that a new job assignment is unappealing to the employee . . . does not constitute adverse employment action." *James v. Booz Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004). To be actionable, the assignment must entail "some significant detrimental effect," *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007), and "absent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary" does not rise to the level of an adverse employment action, *Boone v. Goldin*, 178 F.3d 253, 256–57 (4th Cir. 1999).

Thompson challenges his assignment to referee recreational games instead of high school games because he considers the former to be "an inferior brand of basketball that is generally played at deteriorated sites, poor[ly] managed facilities, [with] poor equipment, and unsafe and frequent[ly] dangerous situations." Compl. 2–3. He does not allege that the assignment entailed any change in job title, responsibilities, or compensation. Neither Thompson's subjective views about the quality of recreational gameplay nor his generic statements about referee safety at recreational games state a plausible claim for employment discrimination. And, based on the barebones nature of his allegations, it does not appear that he will be able to rectify the Complaint's deficiencies. Accordingly, I will dismiss Thompson's Title VII and ADEA claims with prejudice. *See Laber v. Harvey*, 483 F.3d 404, 426 (4th Cir. 2006) (interpreting Fed. R.

Civ. P. 15(a) "to provide that 'leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.' " (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986))).[2]

As for Thompson's FEPA claim, Defendants have not identified any authority, nor am I aware of any, that has addressed whether the statute applies to independent contractors. Generally, however, courts deem FEPA to be coextensive with Title VII. *Butler v. Md. Aviation Admin.*, No. MJG-11-2854, 2012 WL 3541985, at *11 (D. Md. Aug. 14, 2012). Regardless, a federal court "may decline to exercise supplemental jurisdiction over" state law claims such as Thompson's FEPA claim, where "the district court has dismissed all claims over which it has original jurisdiction" or where "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1), (3). Because I have dismissed Thompson's federal claims, I will not explore a legal issue that does not appear to have been squarely addressed by Maryland's courts.

## ORDER

Accordingly, it is this 2nd day of May, 2017, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendants' Motion to Dismiss, ECF No. 23, IS GRANTED;

2. Plaintiff's Complaint IS DISMISSED with prejudice;

---

[2] Defendant Bennis Watkins did not join the other Defendants' Motion to Dismiss, *see* Defs.' Mot. 4, and he has not filed an answer to the Complaint. Notwithstanding Watkins's absence from the pending Motion, a "district court may *sua sponte* dismiss a complaint for failure to state a claim, and where the face of a complaint plainly fails to state a claim for relief, the district court has 'no discretion but to dismiss it.' " *Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 586 (D. Md. 2016) (quoting *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004). For the same reasons that Thompson cannot state a claim against the other Defendants, he cannot do so against Watkins. Accordingly, I will dismiss the claims against all four Defendants.

3. The Clerk SHALL CLOSE the case.

                                                            /S/
                                           Paul W. Grimm
                                           United States District Judge

jlb